UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HELEN C. DEVLIN

    Plaintiff

v.

LAW OFFICES HOWARD LEE SCHIFF, P.C.

    Defendant

## COMPLAINT AND JURY DEMAND

### Summary

1. The Plaintiff is a retired woman living in Methuen, Massachusetts. Defendant is a debt collector that attempted to collect from the Plaintiff a debt it knew she had already paid. In the course of its collection, Defendant violated the Fair Debt Collection Practices Act by collecting a debt that was not owed, misrepresenting the amount owed, failing to provide validation of the debt after the Plaintiff disputed it, and failing to cease collection after Plaintiff requested validation.

### Parties

2. Helen C. Devlin ("Devlin") is a natural person residing in Methuen, Essex County, Massachusetts.

3. Law Offices Howard Lee Schiff, P.C. ("Schiff") is a Connecticut professional corporation with principal offices located in East Hartford, Connecticut. Schiff also has offices in Worcester, Massachusetts. Schiff is a law firm whose primary business is collecting debts.

1

**Federal Jurisdiction and Venue**

4. The Court has jurisdiction because this case arises under the laws of the United States and is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Schiff has a place of business in this District, transacts business in this District, and a substantial portion of the acts giving rise to this action occurred in this District.

**Purpose of the FDCPA**

6. The purpose of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") is to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." FDCPA § 1692e. To that end, the FDCPA prohibits numerous unfair and deceptive activities in connection with the collection of debts, and imposes strict civil liability on any person or entity that violates its provisions. The FDCPA provides rights people alleged to be in debt, forbids deceitful and misleading practices, prohibits harassing and abusive tactics, and prohibits unfair or unconscionable conduct. To determine whether a collection demand is misleading or deceptive, courts employ the "least sophisticated consumer" standard—inquiring whether the least sophisticated debtor would likely be misled or deceived by the collection notice at issue. *Waters v. Kream*, 770 F. Supp. 2d 434, 437 (D. Mass. 2011). The FDCPA is a strict liability statute and a plaintiff need only show one violation of its provisions to be entitled to relief. *Harrington v. CACV of Colorado, LLC*, 508 F.Supp.2d 128, 132 (D. Mass. 2007).

## Background and Facts

7. Devlin is a retired woman living in Methuen, Massachusetts.

8. Schiff represented the debt buyer Midland Funding, LLC with regard to a debt allegedly owed by Devlin to Citibank. The debt was for a credit card Devlin had used for family and household purposes.

9. Schiff mailed a validation rights notice to Devlin on January 20, 2010 claiming that she owed $1,974.57 to Midland Funding, LLC, as the purported assignee of the account.

10. In response, Devlin demanded validation of the debt in a letter she sent on February 12, 2010 via certified mail. As grounds for her dispute, Devlin stated that she had already paid the account.

11. Ignoring her demand for validation, Schiff continued sending dunning letters to Devlin on March 26, 2010 and June 4, 2010. Schiff never provided validation of the debt.

12. In the initial communication and the March 26, 2010 letter, Schiff claimed Devlin owed $1,974.57. But in the June 4, 2010 letter, Schiff increased the amount by $464.81 to $2,439.38 for no reason but to try to extract more money from Devlin.

13. Schiff then filed suit against Devlin on June 9, 2010 in the Lawrence Division of the District Court Department of the Trial Court of the Commonwealth of Massachusetts.

14. On four separate occasions, Devlin informed Schiff representatives that she had already paid the account in full: first, in her validation request; second, in her Answer to the Complaint filed on November 17, 2010; third, to the attorney representing Schiff at the case management conference on January 5, 2010, where she provided a payment history; and fourth, to the attorney representing Schiff at the first pre-trial conference on May 4, 2011, where she again provided the payment history.

15. Finally, Devlin was forced to engage counsel because Schiff persisted with the groundless lawsuit even after being presented with proof that she already paid the account. After Devlin engaged counsel, Schiff ultimately dismissed the suit with prejudice. Schiff knew all along that the debt had been paid, but continued with the lawsuit against her in the hope of obtaining a judgment against a retired woman unfamiliar with the legal system.

16. Devin has been damaged by Schiff's unfair, misleading, and unlawful collection activities on this account. She has lost time defending herself in court. She has been disparaged by false allegations that she had not paid a bill. She suffered emotional anguish at having her rights violated and being repeatedly accused of something she did not do. She was deeply embarrassed and felt extreme stress in such an extreme amount that she could not fall asleep for three nights. She suffered from anxiety, pounding heart, and muscle tension. Devlin would have seen a mental health counselor if she had enough money to do so at the time.

## Count I:
## Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

17.     The preceding paragraphs are incorporated by reference.

18.     Schiff regularly attempts to collect debts from consumers that are owed or alleged to be owed to third parties using the U.S. mail, telephone, and the courts.

19.     Schiff is a "debt collector" as defined by the FDCPA § 1692a(6).

20.     Devlin's credit card account was a "debt" as defined by the FDCPA because it was for family or household purposes.

21.     Schiff violated the FDCPA. Schiff's violations include, but are not necessarily limited to, the following.

22.     Schiff violated FDCPA § 1692g(b) by failing to cease collection efforts after Devlin's request for validation, and by failing to provide validation of the debt.

23.     Schiff's violated FDCPA §§ 1692f(1) and 1692e(2), which prohibit collection of amounts not prohibited by law and false representations as to whether the debt is owed. Since Devlin had already paid the account, there was no amount that was authorized by law to be collected and the account was not owed to the creditor or the purported assignee.

24.     Schiff deceptively increased the amount it claimed was owed in its June 4, 2010 letter, violating FDCPA § 1692e(2), which prohibits the false representation of the amount of the debt. Schiff representatives knew she did not owe the money because she provided evidence that she had paid it in her February 12, 2010 validation request. Schiff representatives then increased the amount owed anyway.

25. The foregoing violations by Schiff were willful and intentional, not good faith errors, since Schiff had been informed on numerous occasions that Devlin had already paid the debt.

26. Devlin was damaged as described in Paragraph 15.

## Request for Relief

WHEREFORE, Devlin requests that the Court issue judgment in her favor and against Schiff, and as well as the following relief:

a) A judgment that Schiff violated the FDCPA with respect to Devlin;

b) Actual and compensatory damages;

c) Statutory damages in the amount of $1,000;

d) Costs, interest, and attorney's fees; and

e) All other relief to which she is entitled at law or in equity.

## Jury Trial Demand

Devlin requests a trial by jury on all issues so triable.

*Signature on next page*

                                        Respectfully submitted,

                                        Plaintiff,
Helen C. Devlin,
By counsel,

/s/ *Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW P.C.
18 Commerce Way, Suite 2850
Woburn, MA 01801
Tel  (800) 962-9570
Fax  (781) 780-2515
josef@culiklaw.com

October 27, 2011