UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Helen C. Devlin** <br><br> Plaintiff <br><br> v. <br><br> **Law Offices Howard Lee Schiff, P.C.** <br><br> Defendant | Civil No. 11-11902-PBS <br><br> **First Amended Complaint and Jury Demand** |

**Summary**

1. The Plaintiff is a retired woman living in Methuen, Massachusetts. Defendant is a debt collector that attempted to collect from the Plaintiff a debt it knew she had already paid. In the course of its collection, Defendant violated the Fair Debt Collection Practices Act and the Massachusetts Consumer Protection Act by collecting a debt that was not owed, misrepresenting the amount owed, failing to provide validation of the debt after the Plaintiff disputed it, and failing to cease collection after Plaintiff requested validation.

**Parties**

2. Helen C. Devlin ("Devlin") is a natural person residing in Methuen, Essex County, Massachusetts.

3. Law Offices Howard Lee Schiff, P.C. ("Schiff") is a Connecticut professional corporation with principal offices located in East Hartford, Connecticut.

Schiff also has offices in Worcester, Massachusetts. Schiff is a law firm whose primary business is collecting debts.

### Federal Jurisdiction and Venue

4. The Court has jurisdiction because this case arises under the laws of the United States and is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA")

5. The Court has jurisdiction over Plaintiff's state-law claim under Mass. Gen. Laws ch. 93A ("Chapter 93A") pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Schiff has a place of business in this District, transacts business in this District, and a substantial portion of the acts giving rise to this action occurred in this District.

7. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

### Background and Facts

8. Devlin is a retired woman living in Methuen, Massachusetts.

9. Devlin had obtained a Sears credit card issued by Citibank. The card was used for her own personal family and household purposes.

10. In February 2003, Devlin had entered a debt management program with Consumer Credit Counseling Service of Southern New England ("CCCS"). At the time Devlin entered CCCS, the balance owed to Sears was $1,181.69. Through CCCS, Devlin

entered a payment plan with Sears, in which Devlin agreed to pay $26.00 per month. Devlin continued to make the agreed upon payments until June 2006.

11. Then, the parties agreed to increase Devlin's payment to $36.00 per month. Devlin continued to make the increased payment until March 2008, when Devlin had paid off the remaining balance owed to Sears. By March 2008, Devlin had paid Sears a total of approximately $1,484.59, which was $302.90 more than her original balance.

12. On or around June 26, 2009, Midland Funding, LLC ("Midland") purportedly purchased the debt originally owed to Sears (the "Account").

13. Midland hired Schiff, a debt collector, to pursue collection of the Account.

14. Schiff is engaged in collection of accounts owed or alleged to be owed to third parties. Schiff conducts its collection activities in a number of ways, including but not limited to using instrumentalities of interstate commerce such as the mail.

15. On or around January 20, 2010, Schiff sent Devlin a collection letter claiming that Devlin owed Midland a balance of $1,974.57. Schiff did not itemize this amount or explain the basis for its assertion.

16. Schiff's statement to Devlin in the preceding paragraph was false. In fact, Devlin owed nothing to Midland because she had paid the account in full. There was no legal authority for Schiff's claim that Devlin owed money to Midland.

17. Because this letter was an "initial communication" with Devlin as that term is used in the FDCPA, it also contained the notice of validation rights required by 15 U.S.C. § 1692g(a). (**Exhibit A**.)

18. On February 12, 2010, Devlin responded via certified mail to Schiff's letter in the preceding paragraph. In her response, Devlin disputed Schiff's collection letter and requested validation of the Account. As grounds for her dispute, Devlin stated that she had already paid off the Account. (**Exhibit B**.)

19. Schiff did not provide Devlin with validation of the Account.

20. On March 26, 2010, Schiff sent a dunning letter to Devlin claiming that the Account balance was $1,974.57. (**Exhibit C**.)

21. On June 4, 2010, Schiff sent Devlin another dunning letter. This time, however, Schiff claimed that the Account balance was now $2,439.38. Schiff provided no explanation as to why the Account had increased by $464.81 in less than three months. (**Exhibit D**.)

22. On June 27, 2010, Schiff, on behalf of Midland, filed a lawsuit against Devlin asserting that she now owed Midland $1,974.57, plus interest and court costs. The lawsuit was filed with the Lawrence District Court as Civil Action No. 201018CV001144. Comp.

23. On September 11, 2010, Schiff sent Devlin another collection notice, this time claiming that the Account balance was $2,503.64. (**Exhibit E**.)

24. Later, Schiff again contradicted the Account balance as claimed in the June 4, 2010, and September 11, 2010, dunning letters—in a letter dated March 5, 2011, Schiff claimed that the balance on the Account was still only of $1,974.57, the amount originally claimed due in its March 26, 2010 dunning letter to Devlin. (**Exhibit F**.)

25. On four separate occasions, Devlin informed Schiff's representatives that she had already paid the Account in full: First, on February 12, 2010, when Devlin sent Schiff the validation letter; second, on November 17, 2010, when Devlin filed her Answer to the Complaint; third, on January 5, 2011, when Devlin provided a payment history to the attorney for Schiff at the case management conference; and fourth, on May 4, 2011, when Devlin again provided a payment history to the attorney representing Defendant at the first pre-trial conference. (**Exhibit G**.)

26. Even after Devlin presented Defendant with proof that she had paid the Account, Schiff nevertheless persisted with the groundless lawsuit against her.

27. Devlin eventually retained counsel to assist her. Devlin's counsel again informed Schiff that the account was paid off.

28. Shortly thereafter, Schiff dismissed the suit with prejudice.

29. Schiff knew all along that Devlin had paid the Account, but continued with the lawsuit in the hope of obtaining a judgment against a retired woman unfamiliar with the legal system.

## Count I:
## Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

30. The preceding paragraphs are incorporated by reference.

31. Schiff regularly attempts to collect debts from consumers that are owed or alleged to be owed to third parties using the U.S. mail, telephone, and the courts.

32. Schiff is a "debt collector" as defined by the FDCPA § 1692a(6).

33. Devlin's Account was a "debt" as defined by the FDCPA because it was for family and household purposes.

34. Schiff violated the FDCPA. Schiff's violations include, but are not necessarily limited to, the following.

35. Schiff violated FDCPA § 1692g(b) by failing to cease collection efforts after Devlin's request for validation of the Account, and by failing to provide validation of the Account.

36. Schiff's violated FDCPA §§ 1692f(1) and 1692e(2), which prohibit collection of amounts not prohibited by law and false representations as to whether the debt is owed. Since Devlin had already paid the Account, there was no amount that was authorized by law to be collected and the Account was not owed to the creditor or the purported assignee.

37. Schiff deceptively changed the amounts it claimed were due, adding amounts that were not authorized by law or agreement.

38. The foregoing violations by Schiff were willful and intentional, not good faith errors, since Schiff had been informed on numerous occasions that Devlin had already paid the debt.

39. Devlin was damaged by Schiff's conduct in that she suffered emotional distress, loss of hours of her time defending against a groundless lawsuit, and was forced to engage an attorney.

## Count II:
## Consumer Protection Act, Chapter 93A

40.     The preceding paragraphs are incorporated by reference.

41.     Schiff is engaged in trade or commerce in Massachusetts by collecting debts owed or alleged to be owed to third parties.

42.     Devlin's Account was for family and household purposes, making her entitled to file suit under G.L. c. 93A, § 9.

43.     Schiff violated G.L. c. 93A, § 2 as described in detail throughout this amended complaint and as shown in the exhibits attached hereto.

44.     Devlin sent Schiff a demand letter on November 18, 2011, describing Schiff's wrongful conduct, her damages, and asking for a reasonable settlement offer. (**Exhibit H**.)

45.     Schiff responded in bad faith to Devlin's demand letter on December 19, 2011. Schiff denied any wrongdoing and refused to make any settlement offer at all, instead stating "your settlement demand is rejected …." (**Exhibit I**.)

46.     Devlin was damaged as described throughout this amended complaint.

## Request for Relief

WHEREFORE, Devlin requests that the Court issue judgment in her favor and against Schiff, and as well as the following relief:

a) A judgment that Schiff violated the FDCPA with respect to Devlin;

b) A judgment that Schiff violated G.L. c. 93A with respect to Devlin;

c) Actual and compensatory damages;

d) Statutory damages in the amount of $1,000;

e) Trebled damages due to Schiff's willful refusal to make a settlement offer, the outrageousness of its violations of G.L. c. 93A and the FDCPA, and its bad-faith rejection of Devlin's attempt to settle the case;

f) Costs, interest, and attorney's fees; and

g) All other relief to which she is entitled at law or in equity.

## Jury Trial Demand

Devlin requests a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
Tel (800) 962-9570
Fax (781) 780-2515
jculik@culiklaw.com

Attorney for Plaintiff Helen C. Devlin

February 16, 2012

## Certificate of Service

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 16, 2012.

                                                    /s/ *Josef C. Culik*
                                                    Josef C. Culik