# Exhibit A

# LAW OFFICES
# HOWARD LEE SCHIFF, P.C.

EAST HARTFORD, CONNECTICUT
PORTLAND, MAINE
WORCESTER, MASSACHUSETTS
NASHUA, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
BRATTLEBORO, VERMONT

340 Main Street Suite 959     Worcester MA 01608
Telephone (508) 753-9991     Facsimile (508) 753-0260

Howard Lee Schiff 1933-2007

CODE: M5 T68549
HELEN DEVLIN
1 RIVERVIEW BLVD APT 8
METHUEN MA     01844

January 20, 2010

CURRENT OWNER:  MIDLAND FUNDING LLC
DEBTOR:  HELEN DEVLIN
CN:  T68549 M5     CURRENT BALANCE DUE:     $1,974.57
ORIGINAL CREDITOR:  CITIBANK
ORIGINAL CREDITOR ACCOUNT NUMBER:     ██████████7838 - Sears

THIS IS AN ATTEMPT TO COLLECT A DEBT.    ANY FURTHER INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.    THIS COMMUNICATION IS
FROM A DEBT COLLECTOR.

This office represents MIDLAND FUNDING LLC.
We suggest that you send us a check or money order for the balance
due, payable to  "Law Offices Howard Lee Schiff, P.C."  unless you
intend to  exercise your rights as stated in the Validation Notice
below.  All questions and payments should be directed to this firm.
Our telephone is (866) 234-7606. Please reference CN No. T68549 in
any correspondence with our office.    You may also make payments by
phone at (866) 214-9942 or on our website WWW.PAYSCHIFF.COM.
When you choose to make a payment with your bank account via the
IVR system and you enter your CN Number when prompted,  you are
authorizing Law Offices Howard Lee Schiff, P.C. to debit your bank
account via ACH in the amount authorized towards payment of debt
owed.

## VALIDATION NOTICE
If you do not dispute the validity of the debt,  or any portion
thereof, within  30  days of the receipt of this letter,   the debt
collector will assume it is valid. If you dispute the validity of
this debt or any portion thereof in writing within 30 days of
receipt of this letter, we will obtain and mail you verification
of the debt or a copy of a judgment against you. At your request
in writing within 30 days of receipt of this letter, we will
provide you with the name and address of the original creditor, if
different from the current creditor.

Respectfully,

↓ dispute letter
attached
dated 2.12.10

M5

# Exhibit B

February 12, 2010

Law Offices
Howard Lee Schiff, P.C.
P.O. Box 280245
510 Tolland St.
East Hartford, CT 06108

RE:  CN No. T68549

To Whom It May Concern:

The original creditor account number ████████7838 belongs to Sears Roebuck and Co.  (The credit limit on the account was $580)

In February 2003 I entered a debt management payment program with Consumer Credit Counseling  Service of Southern New England.  The original balance due to Sears at that time was $1,181.69.

Payment arrangements were made with Sears which consisted of $26.00 per month and paid through CCCS and later through Money Management International their parent company.  (Previously made payments directly to Sears from 2000 thru 2002)

The total debt was to be paid off in June of 2006 a total of 44 months.  At that time it wasn't paid off and payments to Sears continued and were increased to $36.00 per month and continued to be paid to Sears through March of 2008.  At that time the balance due Sears was paid in full a total paid of $1,484.59 a sum well over the original debt of $1,181.69.

I have the monthly statements from CCCS and Money Management showing the monthly payments being sent to Sears Roebuck and Co.

Respectfully,


Helen C. Devlin
1 Riverview Blvd.
Bldg. 8-212
Methuen, MA 01844

*mailed 2.17.10*
*certified*
*R R R*
*see attached*

COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

Article Addressed to:

Law Offices
Howard L. Schiff
510 Tolland St
E. Hartford Ct 06108

COMPLETE THIS SECTION ON DELIVERY

A. Signature

   JILL M. KUKISH
X  Jill M Kukish                    □ Agent
                                    □ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

   FEB 22 2010

3. Service Type
   ☒ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

Article Number
(Transfer from service label)    7009 1680 0001 3733 0077

S Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# Exhibit C

LAW OFFICES

# HOWARD LEE SCHIFF, P.C.

EAST HARTFORD, CONNECTICUT
PORTLAND, MAINE
WORCESTER, MASSACHUSETTS
NASHUA, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
BRATTLEBORO, VERMONT

510 Tolland Street     POB 280245 East Hartford, Connecticut 06108
Telephone (860) 528-9991          Facsimile (860) 528-7602

Howard Lee Schiff 1933-2007

T68549                                          March 26, 2010
HELEN DEVLIN
1 RIVERVIEW BLVD APT 8
METHUEN MA     01844

10051

RE: MIDLAND FUNDING LLC
DEBTOR: HELEN DEVLIN
CN-T68549
CURRENT BALANCE DUE:   $1,974.57

Dear HELEN DEVLIN

In the interest of resolving this debt with our client, we have
been authorized to offer you a settlement of 75% of the balance
due, IF RECEIVED AT OUR OFFICE BY APRIL 23, 2010. This is a
substantial savings to you.   This settlement program is valid
if funds are received HERE by FRIDAY, APRIL 23, 2010.

You may also make this settlement by PhonePay at (866) 214-9942 or
at our payment website WWW.PAYSCHIFF.COM. When you choose to make
a payment with your bank account via the IVR system and you enter
your CN Number when prompted, you are authorizing Law Offices
Howard Lee Schiff, P.C. to debit your bank account via ACH in the
amount authorized towards payment of debt owed. By resolving this
NOW, the debt will be marked as settled and satisfied. Note that
any PRIOR settlement arrangement is NOT included or affected in
this offer.
Please call us at (866) 234-7606 if you are interested in taking
advantage of this offer.  We have many suggestions to assist you.
Even if you are not able to take advantage of this offer at this
time, we need to hear from you. Please refer to our file
CN-T68549 in any contact with our firm. Our office hours are
Monday to Friday from 8:30am to 8:30pm.


Respectfully,

Law Offices Howard Lee Schiff, P.C.


        THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
    THIS IS AN ATTEMPT TO COLLECT A CLAIM OR DEBT AND ANY
LZCT INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# Exhibit D

LAW OFFICES

# HOWARD LEE SCHIFF, P.C.

EAST HARTFORD, CONNECTICUT
PORTLAND, MAINE
WORCESTER, MASSACHUSETTS
NASHUA, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
BRATTLEBORO, VERMONT

Howard Lee Schiff 1933-2007

T68549
HELEN DEVLIN
1 RIVERVIEW BLVD APT 8
METHUEN MA      01844

June 4,  2010

RE:  MIDLAND FUNDING LLC
DEBTOR:  HELEN DEVLIN
CN-T68549
CURRENT BALANCE DUE:   $2,439.38

Dear HELEN DEVLIN

We have been authorized to offer you a lump sum settlement
of 60% of the balance due, IF RECEIVED IN OUR OFFICE BY
JUNE 25, 2010.  This claim may also be resolved for 70% of
the balance due by sending in three equal monthly installments,
with the following due dates:

　　　*JUNE 25,  2010
　　　*JULY 26,  2010
　　　*AUGUST 26,  2010

If payments are not received within the required time or your
payment does not clear, this offer will no longer be considered
valid.  You will then be responsible for the full amount of your
account balance less payments made.  Upon clearance of the final
payment(s) your account will be marked as settled with this
office.

Please call us at (866) 234-7606, Monday through Friday from 8:30
am to 8:30 pm, to take advantage of this offer.  Please refer to
CN T68549 in any contact with our firm.  Payment may also be made
over the phone (IVR) at (866) 214-9942 or on our payment website
WWW.PAYSCHIFF.COM.  When you choose to make a payment with your
bank account via the IVR system, you are authorizing Law Offices
Howard Lee Schiff, PC to debit your bank account via ACH for the
amount of the payment.

Respectfully,
Law Offices Howard Lee Schiff, P.C.

　　　　　THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
　　　THIS IS AN ATTEMPT TO COLLECT A CLAIM OR DEBT AND ANY
T6    INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

# Exhibit E

LAW OFFICES

# HOWARD LEE SCHIFF, P.C.

EAST HARTFORD, CONNECTICUT
PORTLAND, MAINE
WORCESTER, MASSACHUSETTS
NASHUA, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
BRATTLEBORO, VERMONT

510 Tolland Street     POB 280245 East Hartford, Connecticut 06108
Telephone (860) 528-9991          Facsimile (860) 528-7602

Howard Lee Schiff 1933-2007

T68549
HELEN DEVLIN
1 RIVERVIEW BLVD APT 8
METHUEN MA    01844

September 11, 2010

RE: MIDLAND FUNDING LLC
DEBTOR: HELEN DEVLIN
CN-T68549
CURRENT BALANCE DUE:   $2,503.64

Dear HELEN DEVLIN

We have been authorized to offer you a lump sum settlement
of 60% of the balance due, IF RECEIVED IN OUR OFFICE BY
SEPTEMBER 30, 2010. This claim may also be resolved for 75% of
the balance due by sending in three equal monthly installments,
with the following due dates:

    *SEPTEMBER 30, 2010
    *OCTOBER 29, 2010
    *NOVEMBER 29, 2010

If payments are not received within the required time or your
payment does not clear, this offer will no longer be considered
valid. You will then be responsible for the full amount of your
account balance less payments made. Upon clearance of the final
payment(s) your account will be marked as settled with this
office.

Please call us at (866) 234-7606, Monday through Friday from 8:30
am to 8:30 pm, to take advantage of this offer. Please refer to
CN T68549 in any contact with our firm. Payment may also be made
over the phone (IVR) at (866) 214-9942 or on our payment website
WWW.PAYSCHIFF.COM. When you choose to make a payment with your
bank account via the IVR system, you are authorizing Law Offices
Howard Lee Schiff, PC to debit your bank account via ACH for the
amount of the payment.

Respectfully,
Law Offices Howard Lee Schiff, P.C.

    THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
57  THIS IS AN ATTEMPT TO COLLECT A CLAIM OR DEBT AND ANY

# Exhibit F

LAW OFFICES

# HOWARD LEE SCHIFF, P.C.

EAST HARTFORD, CONNECTICUT
PORTLAND, MAINE
WORCESTER, MASSACHUSETTS
NASHUA, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
BRATTLEBORO, VERMONT

510 Tolland Street     POB 280245 East Hartford, Connecticut 06108
Telephone (860) 528-9991          Facsimile (860) 528-7602

Howard Lee Schiff 1933-2007

T68549
HELEN DEVLIN
1 RIVERVIEW BLVD APT 8
METHUEN MA      01844

March  5,  2011

2298

RE: MIDLAND FUNDING, LLC
DEBTOR: HELEN DEVLIN
CN-T68549
CURRENT BALANCE DUE:   $1,974.57

Dear HELEN DEVLIN

Your Tax return may help to settle this account. We have been
authorized to offer you a lump sum settlement in this matter of
60% of the balance due by MARCH 22, 2011. If payment is
received by APRIL 5, 2011 we can accept 70% of the current
balance as settlement in full. If payment is not received within
the required time or your payment does not clear, this offer will
no longer be considered valid. You will then be responsible for
the full amount of your account balance. By so paying this NOW,
the debt will be resolved as settled and satsfied. Note that any
prior settlement arrangements are not included or affected in
this offer.

Please call us at (866) 234-7606, Monday through Friday from
8:30am to 8:30pm, to take advantage of this offer. Please refer
to your CN# in any contact with our firm. Payment may also be made
over the (IVR) at (866) 214-9942 or on our payment website
WWW.PAYSCHIFF.COM .  When you choose to make a payment with your
bank account via the IVR system, your are authorizing Law Offices
Howard Lee Schiff, PC to debit your bank account via ACH for the
amount authorized towards payment of debt owed.


Respectfully,


Law Offices Howard Lee Schiff, P.C.


THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
THIS IS AN ATTEMPT TO COLLECT A CLAIM OR DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
WWCT

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

# Exhibit G

9009 W Loop S, Suite 700
Houston, TX 77096-1719


Money Management
I N T E R N A T I O N A L.

February 16, 2010

HELEN DEVLIN
1 RIVERVIEW BLVD  BLDG 8 UNIT 212
METHUEN, MA 01844-6026

*Paid Sears directly*
*2000 thru 2002*
*$ ?*

Re: Client # 1031242056-0

## DISBURSEMENT HISTORY FOR SEARS - CITIBANK MM61  (103109740-0)

*Payments*  Account Number: ********7838

| Transaction Type | Disbursement Amount | Interest | Check Date | Status | Check Number | Issue Date |
|---|---|---|---|---|---|---|
| ClInterest | $0.00 | $30.27 | 07/06/2008 | | | |
| ClInterest | $0.00 | $29.75 | 06/01/2008 | | | |
| ClInterest | $0.00 | $29.24 | 05/04/2008 | | | |
| ClInterest | $0.00 | $28.74 | 04/06/2008 | | | |
| DisbPrin | ($61.00) | $0.00 | 03/12/2008 | Complete | 23543124-1 | 03/12/2008 |
| ClInterest | $0.00 | $29.29 | 03/02/2008 | | | |
| ClInterest | $0.00 | $28.79 | 02/03/2008 | | | |
| DisbPrin | ($36.00) | $0.00 | 01/24/2008 | Complete | 23485283-1 | 01/24/2008 |
| ClInterest | $0.00 | $28.91 | 01/06/2008 | | | |
| DisbPrin | ($36.00) | $0.00 | 12/05/2007 | Complete | 23418839-1 | 12/05/2007 |
| ClInterest | $0.00 | $29.03 | 12/02/2007 | | | |
| DisbPrin | ($36.00) | $0.00 | 11/05/2007 | Complete | 23374172-1 | 11/05/2007 |
| ClInterest | $0.00 | $27.05 | 11/04/2007 | | | |
| ClInterest | $0.00 | $26.59 | 10/07/2007 | | | |
| ClInterest | $0.00 | $26.13 | 09/02/2007 | | | |
| DisbPrin | ($66.00) | $0.00 | 08/29/2007 | Complete | 23277831-1 | 08/29/2007 |
| ClInterest | $0.00 | $26.81 | 08/05/2007 | | | |
| ClInterest | $0.00 | $24.18 | 07/01/2007 | | | |
| DisbPrin | ($36.00) | $0.00 | 06/29/2007 | Complete | 23186160-1 | 06/29/2007 |
| ClInterest | $0.00 | $24.38 | 06/03/2007 | | | |
| DisbPrin | ($36.00) | $0.00 | 05/22/2007 | Complete | 23125321-1 | 05/22/2007 |
| ClInterest | $0.00 | $24.58 | 05/06/2007 | | | |
| DisbPrin | ($36.00) | $0.00 | 04/25/2007 | Complete | 20997241-1 | 04/25/2007 |
| ClInterest | $0.00 | $24.78 | 04/01/2007 | | | |
| DisbPrin | ($36.00) | $0.00 | 03/22/2007 | Complete | 20946071-1 | 03/22/2007 |
| ClInterest | $0.00 | $24.97 | 03/04/2007 | | | |
| DisbPrin | ($39.59) | $0.00 | 02/23/2007 | Complete | 20898657-1 | 02/23/2007 |
| DisbPrin | ($36.00) | $0.00 | 02/08/2007 | Complete | 20877997-1 | 02/08/2007 |

# DISBURSEMENT HISTORY FOR SEARS - CITIBANK MM01  (103109740-0)

## Account Number: ********7838

| Transaction Type | Disbursement Amount | Interest | Check Date | Status | Check Number | Issue Date |
|---|---|---|---|---|---|---|
| CIInterest | $0.00 | $25.84 | 02/04/2007 | | | |
| CIInterest | $0.00 | $25.40 | 01/07/2007 | | | |
| CIInterest | $0.00 | $24.96 | 12/03/2006 | | | |
| DisbPrin | ($36.00) | $0.00 | 11/22/2006 | Complete | 20747162-1 | 11/22/2006 |
| CIInterest | $0.00 | $25.15 | 11/05/2006 | | | |
| DisbPrin | ($36.00) | $0.00 | 10/25/2006 | Complete | 20699842-1 | 10/25/2006 |
| CIInterest | $0.00 | $25.34 | 10/01/2006 | | | |
| CIInterest | $0.00 | $24.90 | 09/03/2006 | | | |
| DisbPrin | ($36.00) | $0.00 | 07/19/2006 | Complete | 1031605697-0 | 07/19/2006 |
| DisbPrin | ($36.00) | $0.00 | 05/24/2006 | Complete | 1031601867-0 | 05/24/2006 |
| DisbPrin | ($36.00) | $0.00 | 04/25/2006 | Complete | 1031599588-0 | 04/25/2006 |
| DisbPrin | ($36.00) | $0.00 | 03/20/2006 | Complete | 1031596788-0 | 03/20/2006 |
| DisbPrin | ($36.00) | $0.00 | 02/21/2006 | Complete | 1031594572-0 | 02/21/2006 |
| DisbPrin | ($36.00) | $0.00 | 01/20/2006 | Complete | 1031592189-0 | 01/20/2006 |
| DisbPrin | ($36.00) | $0.00 | 12/20/2005 | Complete | 1031589798-0 | 12/20/2005 |
| DisbPrin | ($36.00) | $0.00 | 10/20/2005 | Complete | 1031585040-0 | 10/20/2005 |
| DisbPrin | ($36.00) | $0.00 | 07/20/2005 | Complete | 1031577457-0 | 07/20/2005 |
| DisbPrin | ($26.00) | $0.00 | 05/02/2005 | Complete | 1031570534-0 | 05/02/2005 |
| DisbPrin | ($36.00) | $0.00 | 03/18/2005 | Complete | 1031566762-0 | 03/18/2005 |
| DisbPrin | ($26.00) | $0.00 | 02/18/2005 | Complete | 1031564078-0 | 02/18/2005 |
| DisbPrin | ($26.00) | $0.00 | 01/21/2005 | Complete | 1031561662-0 | 01/21/2005 |
| DisbPrin | ($26.00) | $0.00 | 11/29/2004 | Complete | 1031557919-0 | 11/29/2004 |
| DisbPrin | ($26.00) | $0.00 | 10/21/2004 | Complete | 1031555248-0 | 10/21/2004 |
| DisbPrin | ($26.00) | $0.00 | 10/07/2004 | Complete | 1031554284-0 | 10/07/2004 |
| DisbPrin | ($26.00) | $0.00 | 08/20/2004 | Complete | 1031551062-0 | 08/20/2004 |
| DisbPrin | ($26.00) | $0.00 | 07/21/2004 | Complete | 1031548962-0 | 07/21/2004 |
| DisbPrin | ($26.00) | $0.00 | 06/22/2004 | Complete | 1031546878-0 | 06/22/2004 |
| DisbPrin | ($26.00) | $0.00 | 05/21/2004 | Complete | 1031544735-0 | 05/21/2004 |
| DisbPrin | ($26.00) | $0.00 | 04/21/2004 | Complete | 1031542458-0 | 04/21/2004 |
| DisbPrin | ($26.00) | $0.00 | 03/23/2004 | Complete | 1031540079-0 | 03/23/2004 |
| DisbPrin | ($26.00) | $0.00 | 02/23/2004 | Complete | 1031537861-0 | 02/23/2004 |
| DisbPrin | ($26.00) | $0.00 | 01/23/2004 | Complete | 103155492-0 | 01/23/2004 |
| DisbPrin | ($26.00) | $0.00 | 12/22/2003 | Complete | 103154523-0 | 12/22/2003 |
| DisbPrin | ($26.00) | $0.00 | 11/21/2003 | Complete | 103153547-0 | 11/21/2003 |
| DisbPrin | ($26.00) | $0.00 | 10/22/2003 | Complete | 103152569-0 | 10/22/2003 |
| DisbPrin | ($26.00) | $0.00 | 07/23/2003 | Complete | 103149673-0 | 07/23/2003 |
| DisbPrin | ($26.00) | $0.00 | 06/26/2003 | Complete | 103149051-0 | 06/26/2003 |
| DisbPrin | ($26.00) | $0.00 | 05/22/2003 | Complete | 103147753-0 | 05/22/2003 |
| DisbPrin | ($26.00) | $0.00 | 04/22/2003 | Complete | 103146795-0 | 04/22/2003 |
| DisbPrin | ($26.00) | $0.00 | 03/21/2003 | Complete | 103145841-0 | 03/21/2003 |
| DisbPrin | ($26.00) | $0.00 | 02/21/2003 | Complete | 103144892-0 | 02/21/2003 |

| Account Totals: | ($1,484.59) | $615.08 | | | | |



## DISBURSEMENT HISTORY FOR SEARS - CITIBANK MM01  (103109740-0)

| Grand Totals: | ($1,484.59) | $615.08 |
| --- | --- | --- |

The balances provided by MMI are estimated.  For accurate current balances, please refer to your most recent creditor statements.  Remember to update MMI with current creditor balances every 3 months by accessing your account at www.moneymanagement.org or by mailing in creditor billing statements.  If our records indicate a zero balance, please confirm this with the creditor immediately to avoid possible missed payments.

# Exhibit H

# CULIK LAW PC | Champion Your Rights®

CULIKLAW.COM

18 COMMERCE WAY, SUITE 2850
WOBURN, MASSACHUSETTS 01801

P  800 962 9570
E  contact@culiklaw.com
F  781 780 2515

November 18, 2011

**VIA CERTIFIED MAIL**

Christopher T. Moylan, President
Law Offices Howard Lee Schiff, P.C.
510 Tolland St.
East Hartford, CT 06108

> Certified Article Number
>
> 7196 9008 9111 0861 1572
>
> SENDERS RECORD

Re:     **Demand for Settlement Offer**

Mr. Moylan:

This is a demand for an offer of settlement on behalf of Ms. Helen Devlin ("Devlin") of 1 Riverview Blvd., Bldg. 8-212, Methuen, MA 018444, pursuant to the Massachusetts Consumer Protection Act, G.L. c. 93A, § 9. The basis for the demand is the numerous violations of the Fair Debt Collection Practices Act committed by your office, Law Offices Howard Lee Schiff, P.C. ("Schiff"), in connection with the collection of account number T68549 M5. These violations constitute violations of the Massachusetts Consumer Protection Act.

Schiff sent a validation rights notice to Devlin on January 20, 2010 claiming that she owed $1,974.57 to Midland Funding, LLC, as the purported assignee of a Citibank account. In response, Devlin denied that she owed it and demanded validation of the debt in correspondence sent on February 12, 2010 via certified mail. As grounds for her dispute, Devlin stated that she had paid the account off through a consumer credit counseling service.

Schiff then continued sending dunning letters to Devlin on March 26, 2010 and June 4, 2010, despite failing to provide validation of the debt.

In the initial communication and the March 26, 2010 letter, Schiff claimed $1,974.57 was owed; but in the June 4, 2010 letter, Schiff increased the amount by $464.81 to $2,439.38 for no reason. Schiff then filed suit against Devlin on June 9, 2010.

Schiff's actions violated FDCPA § 1692g(b) by failing to cease collection efforts after a request for validation, and by failing to provide validation of the debt.

Furthermore, Schiff's actions also violated FDCPA § 1692f(1) and § 1692e(2), which prohibit collection of amounts not prohibited by law and false representations as to whether the debt is owed. Since Devlin had already paid off the account, there was no amount that was authorized by law to be collected and was not owed to the creditor or the purported assignee.

Finally, Schiff deceptively increased the amount it claimed was owed in its June 4, 2010 letter, violating FDCPA § 1692e(2), which prohibits the false representation of the amount of the debt.

The foregoing violations by Schiff were willful and intentional, not good faith errors. Devlin informed Schiff representatives on multiple occasions that the debt had already been paid in full on four separate occasions: first, in her validation request; second, in her Answer filed on November 17, 2010; third, to the attorney representing Schiff at the case management conference on January 5, 2010 (where she provided a payment history from the credit counseling service); and fourth, to the attorney representing Schiff at the first pre-trial conference on May 4, 2011 (where she again provided the payment history).

There is no excuse for Schiff's actions. They were willful and knowing. Devlin repeatedly informed Schiff about the inaccuracies in her account. Indeed, Schiff has since dismissed the case, but not without time, expense, and extreme mental stress caused directly by Schiff's actions.

Devin has been damaged by Schiff's unfair, misleading, and unlawful collection activities on this account. She has lost time defending herself pro se, appearing in court, setting aside a default judgment. She has been disparaged by there now being a public court filing alleging that she did not pay a bill when in fact she did. She felt emotional anguish at having her rights violated and being repeatedly accused of something she did not do. Therefore, I demand settlement in the amount of $10,000 to compensate her for Schiff's illegal actions.

Very truly yours,

/s/ *Josef C. Culik*

Josef C. Culik
Attorney at Law

cc:    Karen Wisniowski, Esq.
       Helen Devlin



**2. Article Number**

7196 9008 9111 0861 1572

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature

X                                        ☐ Agent
                                         ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

**3. Service Type   CERTIFIED MAIL™**

**4. Restricted Delivery?** *(Extra Fee)*   ☐ Yes

**1. Article Addressed to:**

Christopher T. Moylan, President
Law Offices Howard Lee Schiff, P.C.
510 Tolland St.
East Hartford, CT 06108

<u>Reference Information</u>

DEVLIN 93A
v. Schiff

01 C003

PS Form 3811, January 2005        Domestic Return Receipt

# Exhibit I

RECEIVED DEC 21 2011

LAW OFFICES

# HOWARD LEE SCHIFF, P.C.

EAST HARTFORD, CONNECTICUT
PORTLAND, MAINE
WORCESTER, MASSACHUSETTS
NASHUA, NEW HAMPSHIRE
PROVIDENCE, RHODE ISLAND
BRATTLEBORO, VERMONT

340 Main Street Suite 959          Worcester MA  01608          Howard Lee Schiff 1933 - 2007
Telephone (508) 753-9991          Facsimile (508) 753-0260

## VIA FACSIMILE and MAIL: 781-780-2515

December 19, 2011

Josef C. Culik
Culik Law PC
18 Commerce Way Suite 2850
Woburn 01810

RE: Helen Devlin v. Law Offices Howard Lee Schiff, P.C,
    Civil Docket: 1:11-cv-11902-PBS
    Reply to 93 Demand letter
    CN#T68549

Dear Mr. Culik:

        Thank you for your letter dated November 18, 2011, which
was received by this office on November 21, 2011 and appears to
be a demand made pursuant to M.G.L. c. 93A.  Your letter was
forwarded to me for review and reply.  Please direct all future
correspondence to my attention.  While we acknowledge receipt of
your letter, our acknowledgment and the following reply do not
constitute recognition of your letter as proper under M.G.L. c.
93A.  To the contrary, we contest the adequacy of your letter as
sufficient and proper demand under M.G.L. c. 93A for a number of
reasons including, but not limited to, those set forth below.

        It is the claimant's obligation pursuant to M.G.L. c. 93A
to identify and provide a reasonable description of the alleged
unfair or deceptive act or practice.  A chapter 93A demand
letter must also define the injury suffered and the relief
demanded in a manner that provides the prospective defendant
with an opportunity to review the facts and law involved to see
if the requested relief should be granted and enables it to make
a reasonable offer of settlement.  Your letter does not fulfill
these purposes.

        After careful review of the allegations asserted in your
Demand it is clear that this office has not violated the Fair

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

Josef Culik
Reply to 93A Demand
December 19, 2011
Page 2 of 8


Debt Collections Practices Act (hereinafter "FDCPA") or M.G.L.
c. 93A. First and foremost Ms. Devlin did not request validation
of the debt in accordance with the FDCPA, this office did not
mischaracterize the debt, and this office did not proceed on an
account, which had already been paid. The Fair Debt Collection
Practices Act, 15 U.S.C. §1692, et seq., is intended to protect
against oppressive and outrageous behavior by debt collectors.
However, it is not intended to address all inconveniences or
embarrassment that might be the natural result of a debt
collection action. *Bieber v. Associated Collection Service,
Inc.* 631 F. Supp. 1410 (D.Kan. 1986). Moreover, "a creditor has
a right to urge payment of a *just debt*, and to threaten to
resort to *proper legal procedure* to enforce the obligation.
Hence, the creditor is not liable for a mental or emotional
disturbance, or for a bodily injury or illness, as a result of
his mere attempt, by reasonable means, to collect." *Moorhead v.
J.C. Penney Co.*, 555 S.W.2d 713, 718 (Tenn. 1977) (emphasis
added). Legislative history indicates that Congress enacted the
FDCPA to protect consumers from "improper conduct" and
illegitimate collection practices "without imposing unnecessary
restrictions on ethical debt collectors." S.Rep. No. 95-382, at
1 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696, 1698-99.

Section 809(b) of the FDCPA, 15 U.S.C. 1692g (b) provides
that, "[i]f the consumer notifies the debt collector in writing
within the thirty-day period" that the debt is disputed after a
validation notice is sent; the debt collector must cease
collection of the debt until verification of the debt is
obtained and mailed to the consumer.[1] While we acknowledge
receipt of Ms. Devlin's letter dated February 12, 2010, we deny
that it comports with the requirements of the FDCPA. Ms. Devlin
does not dispute the debt or request validation. She notified
our office among other things that she entered into a debt
management payment program with Consumer Credit Counseling

---

[1] 15 U.S.C. sec, 1692g(b) (provides that if the consumer notifies the debt collector in writing within the thirty-day
period described in subsection (a) that the or any portion thereof, is disputed, or that the consumer requests the name
and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion
thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address
of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is
mailed to the consumer.

Josef Culik
Reply to 93A Demand
December 19, 2011
Page 3 of 8


Service of Southern New England (hereinafter CCCS), what the
original balance was due at the time the card was due to Sears
and what she paying CCCS.  No where in this letter does she
dispute the validity of the debt or request verification of the
debt.  She did not provide us with any documentation to support
her belief that Sears agreed to accept as a full and final
payment $1484.59.  Moreover, no evidence was forth coming in the
state court action to establish that Sears agreed to accept the
$1484.59 as a full and final payment. For there to be an abuse
of process, "it must appear that the process was used to
accomplish some ulterior purpose for which it was not designed
or intended or which was not the legitimate purpose of the
particular process employed." Ladd v. Polidoro, 424 Mass. 196,
198 (1997), quoting from Gabriel v. Borowy, 324 Mass. 231, 236
(1949). Our office, pursued a lawsuit in state court based upon
the representation of our client that a debt was due and owing.
As you are well aware, we may rely upon information provided by
our client who has provided accurate information in the past.
While our client and Ms. Devlin stipulated to a dismissal with
prejudice in the state court action, there was no finding by the
Court that the action was filed in bad faith.  On the other hand
the lawsuit filed by Ms. Devlin here could very well be
determined by a court as a form of malicious prosecution;
especially where it appears that Ms. Devlin's claims under the
FDCPA are barred by the one-year statute of limitations.

        In the present case, our client, brought suit to recover a
balanced owed on a purchased debt.  Essentially, our client
brought suit to recover the balance that was charged off by the
Bank.  "Charge-off" in simplest terms, is the total amount owed
by the credit card account holder to the credit card issuer
following the account holder's default or failure to make
required payments.  The charge-off amount is the principal
balance which serves as the basis for post-charge-off
collections.  Additional interest and fees may accrue following
charge-off and be added to the balance owed. While the amount of
the debt from the perspective of the Credit Card Company or Bank
might be the running balance, the amount of the debt from the
debt buyer's perspective is the charge off balance and that is
what it was seeking.  See Barnes v. Advanced Call Center

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

Josef Culik
Reply to 93A Demand
December 19, 2011
Page 4 of 8

Technologies, LLC 493 F.3d 838, 840 (7th Cir.2007).  In Barnes, the Court rejected a consumer's argument that a debt collector failed to sate "the amount of the debt' as required by 15 U.S.C. sec. 1692g when the collector stated the amount past due and in collection, but not the overall credit card balance.  Barnes at 839.  In Wahl v Midland Credit Management Inc, 556 F.3d 643 (7th Cir 2009), the Court stated that [the court] need to remember who the parties are and that if an original creditor was identifying as the "principal balance" a sum containing massive amounts of interest charged on it's own hand that would be misleading under the 15 U.S.C. sec. 1692g, but the nature of the debt owed to the original creditors is of no consequence when it came to the debt collector because everything changed.  The Court determined that the debt collector was seeking to collect the correct balance at least as it was defined under the Fair Debt Collection Practice Act.  It is a permissible act under the FDCPA to add interest to collection accounts. Accordingly there is nothing unfair or deceptive about our March 26, 2010 and June 4, 2010 correspondences.  However to intentionally mischaracterize the facts in order to file a FDCPA claim or a 93A claim is a form of malicious prosecution.

Moreover, the FDCPA requires that a collection letter state 'the amount of the debt" that the debt collector is trying to collect.  See 15 U.S.C. § 1692g(a)(1).  The language of the FDCPA does not require that a debt collector letter advise the consumer's debt may increase.  When stating the amount of the debt, debt collector cannot "add[ ] language that may overshadow or contradict other language informing the consumer of her rights."  Pifko v CCB Credit Servs., Inc. No. 09-3057, 2010 WL 2771832, at *3 (E.D.N.Y. July 7, 2010)(citing Russell v. Equifax, 74 F.3d 30, 33 (2d Cir. 1996))  A number of courts have held that adding language about further increases and charges in debt collection letters misleads consumers about the amount they owe. See e.g. Chuway v. Nat'l Action Fin. Servs. 362 F.3d 944, 947 (7th Cir. 2004) (holding the collection letter was unclear as to the amount of debt due, as it stated the current balance but also listed a telephone number for consumer to call obtain her most current balance information);Kolgnov v. Phillips & Cohen Assocs, LTD. No 02-3710. 2004 WL 958028, at

Josef Culik
Reply to 93A Demand
December 19, 2011
Page 5 of 8


*3(E.D.N.Y. Apr. 8, 2004)(holding that defendant violated 15 U.S.C. § 1692g where collection letter did not clearly specify the amount owed and included additional language to call a reference number to obtain the latest information about on-going charges that were increasing the debt)  Under these circumstances, there is nothing confusing or misleading about the increased amount of debt in the March 26, 2010 letter to the June 4, 2010 letter, as even the most unsophisticated consumer would understand that credit card debt accrues interest." Weiss v. Zwicker & Assocs, P.C. , 664 F.Supp. 2d 214, 217 (E.D.N.Y. 2009)

      Ms. Devlin's complaint falls clearly outside the FDCPA one-year statute of limitations period.  The FDCPA states that an " an action to enforce any liability created by this title 15 U.S.C. § 1692(k)(d) may be brought in any appropriate United States District Court without regard to the amount in controversy, in any other court of competent jurisdiction, within one year from the date on which the violation occurs."' The statute of limitations begins to run at the moment the violation occurs, without regard as to when the Plaintiff gained knowledge of her cause of action. Agosta v. Inovision, Inc., 2003 WL 229999213 at *6 (E.D. Pa. Dec. 16, 2003)  Equitable tolling is appropriate only when the statutory time limit is not jurisdictional.  Although courts disagree on the jurisdictional implication of the FDCPA's limitation period; Compare Mattson v. U.S. W. Comms. Inc. 967 F.2d 259, 262 98th Cir. 1992)(holding that the FDCPA's limitations is jurisdictional), with Mangum v. Action Collection Serv., Inc, 575 F.3d 935, 935, 939-40 (9th Cir. 2009)(holding that it is not) and Marshall Mosby v. Corporate Receivable, Inc., 205 F.3d 323, 327 (7th cir. 200)(same), the United States District Court in Ade George Oyegbola v. Advantage Assets Inc. II et al, The United States District of Massachusetts, Civ Action No. 09CV10418-NG, stated in footnote 1 of it's Memorandum and Order Re: Plaintiff's Motion for Reconsideration, "that the split was understandable." Statutes of limitations are ordinarily non-jurisdictional creatures.  See Cent. States. Se and Sw areas Pension Fund v. Navco, 3 F.3d 167, 173 (7th Cir. 1993)(citing Zipes v. TransWorld Airlines, Inc. 455 U.S. 385, 392-98 (1982)).  But Congress

Josef Culik
Reply to 93A Demand
December 19, 2011
Page 6 of 8


placed the FDCPA's statute of limitations provision under the heading "Jurisdiction" and awkwardly mentioned: jurisdiction" in the text. 15 U.S.C. § 1692k(d). [Although] the First Circuit has yet to weigh in, the Court in the past assumed without deciding the limitations period is jurisdictional. See Harrington v. CACV of Colo., LLC, 508 F.Supp.2d 128, 131-132 (D.Mass. 2007). Accordingly, the statute of limitations regarding the March 26, 2010 and June 4, 2010 collection letters has run.  The statute of limitations started to run on the date Schiff Law Office mailed the letters. . See Mattson v. U.S. West Communications, Inc. 967F.2d 259, 261 (8th Cir. 1992)(holding that the statute starts to run on the date of mailing).  The Eight Circuit concluded in Mattson v. U.S. West Communications, Inc. that the legislative objective of the FDCPA "was to protect consumers from harassment by debt collectors. . . by regulating the conduct of debt collectors." 967 F.2d. 261. It was further determined that '[o]nce [the debt collector] placed the letters in the mail, its conduct with respect to any violation of the FDCPA was complete" and the "last opportunity to comply with the FDCPA," Id.  The Eighth Circuit further observed the date of mailing is a date which may be 'fixed by objective and visible standards,' one of which is easy to determine, ascertainable by both parties, and may be easily applied." Id. at 260.   In the present case, the letters were mailed on or around March 26, 2010 and June 4, 2010. Ms. Devlin did not file her complaint until October 27, 2011.  The federal complaint was filed six and four months outside the limitations period.  Likewise, any allegations concerning the February 12, 2010 letter fails outside of the one year limitations period as does any allegations concerning the Lawrence Action.  The Lawrence Action was commenced on June 17, 2010 and Ms. Devlin was served with the summons and complaint on July 1, 2010.  The statute of limitations started to run either when the Lawrence Action was instituted or when Ms. Devlin was served.  See Nass v. Stolman, 130 F.3d 892. 893(9th Cir. 1997)(statute begins to run on filing); Johnson v. Riddle, 305 F.3d 1107, 1113 (10th Cir. 2002)(statute begins to run on service). Both filing and service occurred more than one year before Ms. Devlin filed here FDCPA claim, making her claim untimely.  Schiff Law Office's appearances before the Lawrence court did not change that.

Josef Culik
Reply to 93A Demand
December 19, 2011
Page 7 of 8


The Massachusetts Consumer Protection Act, G.L. c. 93A (Chapter 93A) prohibits unfair methods of competition and unfair or deceptive acts or practices. G.L. c. 93A is modeled after the Federal Trade Commission Act, 15 U.S.C. sec. 45(a)(1). State law requires that regulations promulgated under and interpretation of Chapter 93A be guided by federal law.[2]

In determining what constitutes "unfair or deceptive acts or practices" the Court shall be guided by the interpretations given by the Federal Trade Commission and the Federal court to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C 45 (a)(1)) G.L.c. 93A, sec. 2(b). The attorneys general may make rules and regulations interpreting the phase "unfair or deceptive acts or practices." G.L.c. 93 § 2(C). The Supreme Judicial Court has looked to federal regulations in interpreting Chapter 93A. The Court considers, "(1) whether the practice . . . is within at least the penumbra of some common-law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or; (3) whether it causes substantial injury to consumers (or competitors or other businessman)."[3] "In deciding the questions of unfairness under G.L. c. 93A the Court must focus on the nature of the challenged conduct as the crucial factors in making a G.L. c. 93A fairness determination. Since your Demand is predicated upon the court finding that our office violated the FDCPA, which we believe none exist for the aforementioned reasons and even if they did, the claim would be barred by the one year statute of limitations, your Demand does not meet the requirements of a proper G.L. c. 93A demand and it does not show how Ms. Devlin is injured.

It is well settled that "a plaintiff seeking remedy under G.L. c. 93A, must demonstrate that even a per se deception caused a loss". See Hershenow v. Enter.Rent-A-Car Co. of Boston, 445 Mass, 790, 798-799(2006). The Hershenow court held

---

[2] Pierce v. Clark, 2005 WL 1009533, Mass.Supp, 2005
[3] PMP Assocs. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975, citing Federal Trade Comm. V. Sperry & Hutchinson Co, 405 U.S. 233, 244 (1972) citing 29 Fed.Reg 8325,8355 (1964)

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

Josef Culik
Reply to 93A Demand
December 19, 2011
Page 8 of 8


that where "the plaintiff cannot demonstrate that the illegal contract (the invasion of a legally protected interest) causes any loss. "i.e. that the plaintiff is no worse off than if the deception had not occurred, there was no injury. Id at 254. Again, the import for this is that while an unfair or deceptive act may constitute "the invasion of a legally protected interest," an additional element must be shown- that the plaintiff is in some way "worse off" - for the claim to be compensable. A federal district court has recently determined in Waters v. J.C. Christensen & Assocs, 2011 U.S. Dist. LEXIS 41075 (D.Mass.Mar.4, 2011), ("in order to establish a violation of Chapter 93A, a plaintiff must demonstrate that even a per se violation caused an injury to him") adopted by Waters v. J.C. Christensen & Assocs, 2011 U.S.Dist. LEXIS 41097 (D.Mass.Mar. 22, 2011).

"While consumer protection statutes may be designed to have a broad reach, Chapter 93A was not'mean[t] to authorize purely vicarious suits by self-constituted private attorneys-general." Rule, 604 F.Supp.2d at 304(quoting Leardi v. Brown, 394 Mass. at 161)

The Demand letter is completely devoid of any justification for a Demand of $10,000.00. For these reasons your demand is rejected and we strongly urge you to withdraw federal district court case and your Demand.

Please call me at your earliest convenience to discuss this matter further.  You may call me at 860-490-3143.


Thank you for your attention in this matter.

Very truly yours,

Karen J Wisniowski
(Admitted in MA and NH)